IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GEORGIA N. STAGGS

          Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

          Defendant.

No. 03:10-CV-1325-HZ

OPINION & ORDER

Max Rae
P.O. Box 7790
Salem, OR 97303

        Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE

1 - OPINION & ORDER

District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Mathew W. Pile
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

  Plaintiff Georgia N. Staggs brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income (SSI). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). I reverse the Commissioner's decision and remand for additional proceedings.

## PROCEDURAL BACKGROUND

  Plaintiff protectively filed for SSI on November 14, 2005, alleging an onset date of April 24, 2004. Tr. 9. Her application was denied initially and on reconsideration. Tr. 76-77. On May 4, 2009, plaintiff appeared for a hearing before an Administrative Law Judge (ALJ). Tr. 22. On September 14, 2009, the ALJ found plaintiff not disabled. Tr. 9-21. The Appeals Council denied review on October 4, 2010. Tr. 1-3.

## FACTUAL BACKGROUND

  Plaintiff alleges disability based on asthma, bipolar disorder, and post-traumatic stress disorder (PTSD). Tr. 145. At the time of the hearing, she was 32 years old. Tr. 22, 140. She obtained her GED and graduated from beauty school. Tr. 34-35, 151. Because the parties are familiar with the medical and other evidence of record, I refer to any additional relevant facts

2 - OPINION & ORDER

necessary to my decision in the discussion section below.

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See <u>Valentine v. Commissioner</u>, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. <u>Id.</u>

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20

3 - OPINION & ORDER

C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 11. Next, at step two, the ALJ determined that plaintiff had the severe impairments of asthma, type II diabetes mellitus, left arm tendinitis associated with a cervical lipoma, obesity, bipolar disorder, PTSD, and polysubstance abuse disorder. Id. As part of that determination, the ALJ considered the medical evidence and plaintiff's hearing testimony. Tr. 12. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 12-13. Next, the ALJ determined that plaintiff had a residual functional capacity (RFC) to perform light work that would allow her to avoid concentrated exposure to pulmonary irritants; would require the performance of no more than simple, routine tasks; and would involve frequent, but not constant, contact with the general public. Tr. 13. At step four, the ALJ found that the plaintiff could perform past relevant work as a fast food worker. Tr. 19. The ALJ made an alternative finding at step five, and concluded that the plaintiff was not disabled. Tr. 19-20. Considering plaintiff's

age, education, work experience, and a more limiting RFC[1], the ALJ found that plaintiff could perform work as a optical goods inspector and table inspector. Id. at 20.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation omitted).

## DISCUSSION

Plaintiff contends that the ALJ erred in concluding the she was not disabled. Specifically, she contends that the ALJ (1) failed to evaluate whether she has a medically determinable personality disorder, (2) failed to properly evaluate the lay testimony of Orvetta Reed and Georgia Lee Vaughn, (3) failed to properly evaluate her credibility, (4) erred in using the

---

[1]The ALJ's RFC limited plaintiff to light work, but at step five, the ALJ presented a hypothetical in which the plaintiff was limited to sedentary work. Tr. 13, 20.

5 - OPINION & ORDER

substantial evidence standard to adopt the opinion of the State agency psychological consultant, and (5) denied her due process when finding she could return to her past relevant work at step four[2]. I will only discuss the first error because it is dispositive.

I.      Alleged Mental Impairment

Plaintiff contends that the ALJ erroneously omitted her alleged mental impairment at steps two. The claimant must provide evidence relating to her impairments and their severity. 20 C.F.R. § 416.912(a) & (c). However, the ALJ has a duty to develop the record when the record is too inadequate for the Commissioner to make a proper disability determination. 20 CFR § 416.913(e); Bayliss, 427 F.3d at 1217. This duty exists "even when the claimant is represented by counsel" and is heightened when a claimant is unrepresented. Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (citations omitted). The duty does not arise when the record reflects no impairment or associated limitations, Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005), but the reviewing court will not chastise a claimant for failing to assert an impairment she did not know she could assert. See Celaya, 332 F.3d at 1183 (ALJ erred in failing to develop record for illiterate, unrepresented client).

An impairment is "not severe" at step two if it "does not significantly limit your physical or mental ability to do basic work activities." 20 CFR § 404.1521(a). As explained by the Ninth Circuit, an impairment is not severe "if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Smolen, 80 F.3d at 1290). This inquiry is *de minimis* only. Yuckert, 482 U.S. at 153-54.

---

[2]Defendant concedes this error, but argues that it is harmless. Def.'s Br. 17-18.

Plaintiff's medical record contains references to a possible mental impairment. Defendant concedes that three acceptable medical sources, Dr. Maribeth Kallemeyn, Dr. David Sweet, and Dr. Dorothy Anderson, formally diagnosed plaintiff with a personality disorder during the relevant period. Def.'s Br. 14. In February 2006, Dr. Kallemeyn, who had seen plaintiff once before, diagnosed plaintiff with personality disorder. Tr. 373. In both May 2000 and February 2005, Dr. Sweet diagnosed plaintiff with personality disorder. Tr. 675, 685. Finally, in May 2006, Dr. Anderson, a State agency psychological consultant, diagnosed plaintiff with personality disorder. Tr. 545. The ALJ states that she gave "significant weight" to the State agency psychological consultants in her opinion. Tr. 19. Dr. Anderson's May 2006 diagnosis expressly states "[claimant] does have some underlying PTSD and personality [disorder] which are in support of the initial [mental residual functional capacity]." Tr. 545.

The diagnoses by three doctors suggests that plaintiff may have a mental impairment that more than minimally effects her workplace abilities at step two in the sequential proceedings. Omissions at step two are harmless if the ALJ's subsequent analysis considered the effect of the omitted impairment. Lewis v. Astrue, 498 F3d 909, 911 (9th Cir. 2007). Here the ALJ did not discuss the effects of a personality disorder in her sequential evaluation. The ALJ mentions that she gave "some weight" to Drs. Kallemeyn and Sweet's opinions regarding plaintiff's social functioning, but the effects of a personality disorder go beyond limitations of social functioning.[3] Further, the ALJ gives no explanation for disregarding Dr. Anderson's diagnosis. Tr. 19. Accordingly, this court cannot conclude that the ALJ's omission at step two was harmless.

---

[3] "A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or *occupational functioning or subjective distress*." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.08 (emphasis added).

II.     Remand

Plaintiff argues that the case should be remanded with an award of benefits.  The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "'(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.'"  <u>Harman</u>, 211 F.3d at 1178 (quoting <u>Smolen</u>, 80 F.3d at 1292).  The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision.  <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003).

It is not clear from the record that crediting the omitted evidence establishes that plaintiff is disabled at step five in the sequential proceedings.  Neither plaintiff's counsel nor the ALJ elicited testimony from the vocational expert addressing the alleged personality disorder.  Tr. 59-64.  In instances where the VE has not offered evidence regarding the vocational options, if any, when all of a claimant's limitations are presented to the VE, an award of benefits is

8 - OPINION & ORDER

inappropriate. Harman, 211 F.3d at 1180 (noting that "[i]n cases where the testimony has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."). The matter must be remanded for further proceedings to address plaintiff's possible mental impairment. If necessary, the ALJ must then revise the RFC determination. Finally, the ALJ must make adequate step four and five findings incorporating any revised findings.

## CONCLUSION

The Commissioner's decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

Dated this  13th  day of October, 2011

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge