IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GEORGIA N. STAGGS

           Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

           Defendant.

No. 03:10-CV-1325-HZ

OPINION & ORDER

Max Rae
P.O. Box 7790
Salem, OR 97303

        Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Mathew W. Pile
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

        Attorneys for Defendant

HERNANDEZ, District Judge:

        Plaintiff Georgia N. Staggs brought this action seeking judicial review of the Commissioner's final decision to deny supplemental security income (SSI). In an October 14, 2011 Opinion & Order, I reversed the Commissioner's decision, concluding that the Administrative Law Judge (ALJ) had improperly omitted Plaintiff's mental impairment at step two of the disability analysis. I ordered that the case be remanded for additional proceedings. Judgment was entered on October 14, 2011.

        Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Defendant opposes the motion, arguing that the Commissioner's decision was substantially justified. For the reasons explained below, I agree with plaintiff and award plaintiff fees in the amount of $5,519.58.

## STANDARD

        EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). There is no dispute that plaintiff was the prevailing party. Defendant makes no objection to the calculation of the amount of fees requested. The only issue is whether the Commissioner's position was substantially justified.

        The burden is on the Commissioner to show that his position was substantially justified.

Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). Although "Congress did not intend fee shifting [under EAJA] to be mandatory[,]" "EAJA creates a presumption that fees will be awarded to prevailing parties." Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 954 F.2d 329, 332 (9th Cir 1988). To establish that its position was substantially justified, the government must show that the underlying ALJ decision had "a reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). This involves looking to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation. Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987).

## DISCUSSION

The dispositive issue in this case was whether the ALJ erred by failing to account for Plaintiff's personality disorder as a severe impairment at step two. The ALJ recited record evidence from Drs. David Sweet and Maribeth Kallemeyn—both of whom had evaluated Plaintiff twice and diagnosed her with a personality disorder. Tr. 16, 17. Defendant conceded that these diagnoses were from acceptable medical sources that occurred during the relevant period. See Oct. 14, 2011 Op. & Ord. at 7. Dr. Dorothy Anderson, a state consultant to whom the ALJ gave "significant weight", had also diagnosed Plaintiff with a personality disorder. Id. Despite these multiple diagnoses, the ALJ omitted personality disorder as a severe impairment. There was no reasonable basis to ignore the personality disorder at step two, particularly when the inquiry is *de minimus*. Id. at 6. The Commissioner's position was not substantially justified.

/ / /

/ / /

CONCLUSION

Plaintiff's application for an award of EAJA fees [#25] is granted. Plaintiff is awarded $5,519.58 in fees.

IT IS SO ORDERED.

Dated this  2nd   day of April, 2012


                                                s/Marco A. Hernandez
                                            MARCO A. HERNANDEZ
                                            United States District Judge